**FILED**
SEP 3 0 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES' DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**CIVIL NUMBER:**

Case: 1:10-cv-01667
Assigned To : Unassigned
Assign. Date : 9/30/2010
Description: Pro Se Gen. Civil

**CHUKWUMA E AZUBUKO**
274 Bowdoin Street
Boston, MA 02122

V

| | |
|---|---|
| 1 | BOSTON POLICE OFFICER RENEE VARGAS (#11822) – INDIVIDUAL AND OFFICIAL CAPACITIES |
| 2 | BOSTON POLICE OFFICER LANGLEY #11176 – INDIVIDUAL AND OFFICIAL CAPACITIES |
| 3 | BOSTON POLICE – SEARGENT JOYCE – INDIVIDUAL AND OFFICIAL CAPACITIES |
| 4 | BOSTON POLICE OFFICER ROBERTO – INDIVIDUAL AND OFFICIAL CAPACITIES |
| 5 | BOSTON POLICE OFFICER DUNNE and – INDIVIDUAL AND OFFICIAL CAPACTIES |
| 6 | UNKNOWN ASSISTANT DISTRICT ATTORNEY – INDIVIDUAL AND OFFICIAL CAPACITIES |

**COMPLAINT**

**INTRODUCTION**

On October 23rd, 2000 the Plaintiff was arrested under the color of M.G.L.c. 209A. The arrest was unnecessary central to the composition of the Police's report. [Exhibit 1]. If there were injuries on the family member who dialed 911, they happened in the Plaintiff's earnest for self-defense and prevention of bodily harm to the so-called victim, which would be associated with the Plaintiff eventually. The Plaintiff discouraged the arrest, because she knew that I did nothing to provoke or justify the 911 call. At all material times, the Plaintiff strove to minding his business. The Plaintiff subscribed not to ingratiation or forcing himself into anyone's company. The Plaintiff strove to 'Stay within the lines, the lines are your friends" had been a popular maxim. Eventually, the charges were dropped. The Plaintiff filed M.G.L.c. 258 Claims with Massachusetts' Attorney General's Office and the City of Boston. Hitherto, there existed no iota of effort on their part to resolve the false arrest, false imprisonment and malicious prosecution. Consequently, the Plaintiff deemed it judicious to commence the proceedings. Hopefully, invaluable time would not be wasted on statute of limitations; statute of limitations barred no jurisdiction. Numerous Supreme Court's precedents existed, indeed!

**PARTIES**

1

RECEIVED
SEP -9 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RECEIVED
SEP -9 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

The Plaintiff had resided in Boston, Massachusetts for upwards of 26-year. In all modesty, the Plaintiff held advanced degrees in education and law. The Plaintiff presently was unemployed. Plaintiff had been self-employed and used to be a [substitute] teacher for the Boston's Public Schools. The Plaintiff's contact information was as shown *supra* or below. The first five Defendants worked for the Boston's Police with an address as 3345 Washington Street, Jamaica Plain – MA 02130. The Boston's Police Headquarters contact address was One Schroeder Plaza, Boston – MA 02120. The City of Boston's contact information would be Corporation Counsel William F. Sinnott, City Hall – Room 615, Boston – MA 02201. For number six Defendant, she worked for the Suffolk District Attorney, which was owned by Massachusetts. Consequently, her contact number would be Massachusetts' Attorney General, Government Bureau, One Ashburton Place, Boston – MA 02108.

**JURISDICTION**

Irrefutably, it existed constitutionally, statutorily and procedurally. [Article III Section 2; First Amendment; Eight Amendment; 14th Amendment; 28 U.S.C. Section 1331 and 1367; 42 U.S.C. Section 1981-6; Fed. R. Civ. P. 4(e) …; M.G.L.c. 12 Sections 11H-11J; M.G.L.c. 151B; M.G.L.c. 249 Section 9; M.G.L.c. 258 Section 2-9] These would be the succinct bases for the head or subject matter:

**01)     FALSE ARREST AND FALSE IMPRISONMENT**

The Plaintiff was never convicted for the arrest and that underscored the sub-heads indisputably. Indeed, being arrested and confined associated with immeasurable excruciating pain.

**02)     INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

That associated with the sub-head supra. Extensive particularization on that would be time consuming and culminated into achievement of nothing. The Defendants knew what the Plaintiff drove at. It was also known as tort of outrage in some jurisdiction. The arrest, imprisonment and near-jury trial inclination prior to dismissal triggered [off] extreme emotional distress. The elements existed: for example, "intentional or reckless act," "extreme and outrageous conduct," "in public," *et cetera*.

**03)     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

On that, the Plaintiff would define negligence according to Restatement of Torts, Second Edition, Volume 3 Section 16.1 by Harper, James and Gray, thus:

"Negligence is conduct, which fall below the standard established by law for protection of others against unreasonable risk of harm. State of mind of indifference or inadvertence must exist. Negligence resulted from ignorance, stupidity, bad judgment, timidity or forgetfulness. It also resulted from deficiencies in knowledge, memory, observation, imagination, foresight, intelligence, judgment,

right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same)."

"It further makes it unlawful for two or more persons to go in disguise on the highway or on the premises of another with the intent to prevent or hinder his/her free exercise or enjoyment of any rights so secured." and

"Punishment varies from a fine or imprisonment of up to ten years, or both; and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title or imprisoned for any term of years, or for life, or may be sentenced to death."

## 08) "DEPRIVATION OF RIGHTS UNDER COLOR OF LAW" [18 U.S.C. SECTION 242]

Its truncated excerpt read:

"This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S." and

"This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race."

## 09) "PATTERN AND PRACTICE" [18 U.S.C. SECTION 14141]

When it came to arrests of men of African descent by the Police nationwide, the rule of law had been trivialized. In most cases, no modicum of consideration would be given to his well-established constitutional rights. The arrest should be executed firstly and his constitution torts violations would be secondary. A full excerpt from the sub-head read, thus:

"This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."

"Whenever the Attorney General has reasonable cause to believe that a violation has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice."

"Types of misconduct covered include, among other things:

1. Excessive Force
2. Discriminatory Harassment
3. False Arrest
4. Coercive Sexual Conduct
5. Unlawful Stops, Searches, or Arrests"

4

5

**PLAINTIFF: RELIEF**

Presently, the Plaintiff had none!

**COMPENSATORY AND PUNITIVE DAMAGES**

The Plaintiff would demand $10,500.00 and $1m with interest from October, 2001 respectively or on the bases of individual and official capacities.


_[signature]_
CHUKWUMA E AZUBUKO
P O BOX 171121
Boston – MA 02117-171121
Telephone: (617) 265 6291



**Dated in Boston, Massachusetts on Tuesday – August 31st - 2010**

5