```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

CHUKWU E. AZUBUKO,              )
          Plaintiff,            )
                                )     MBD No. 10-MC-10347-JLT
     v.                         )
                                )
BOSTON POLICE OFFICER RENEE     )
VARGAS, ET AL.,                 )
          Defendants.           )
```

MEMORANDUM AND ORDER FOR DISMISSAL

TAURO, D.J.

On September 30, 2010, Plaintiff Chukwuma E. Azubuko's ("Azubuko") civil action, filed in the United States District Court for the District of Columbia, was transferred to this Court. See Transfer Order, Azubuko v. Vargas, et al., Civil Action No. 10-1667 (United States District Court for the District of Columbia).  The Clerk's Office did not open the transferred action as a new civil action because Azubuko is an enjoined litigant in this Court; instead, this action was opened as a miscellaneous business docket action.

In this action, Azubuko is attempting to sue a number of Boston Police Officers and an unknown Assistant District Attorney based on his October 23, 2000 arrest for violation of Mass. Gen. Laws. Chapter 209A, after a family member called 911.  Azubuko claims, *inter alia*, false arrest and imprisonment, intentional and negligent infliction of emotional distress, and violation of his civil rights.

Accompanying the Complaint was a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).

DISCUSSION

Azubuko is an abusive filer in this Court, and has been enjoined from filing civil actions in this Court. He has also been sanctioned a total of $7,000.00 for his abusive pleading practices. Recently, United States District Judge Douglas P. Woodlock issued a Memorandum and Order modifying the original Order enjoining Azubuko to require that, before filing any pleadings in this Court, Azubuko must first pay the $7,000.00 in sanctions, unless the pleading is filed by duly-licensed counsel or unless the matter involves the threat of serious bodily harm or presents some other extenuating circumstance. The Memorandum and Order also provided that any pleading that did not comply with these directives would not be accepted for filing and would be returned by the Clerk. Additionally, Judge Woodlock requested that the United States Attorneys Office begin collection proceedings for the fines imposed against Azubuko. See Memorandum and Order (Docket No. 14, entered September 10, 2010), In Re: Enjoined Litigant Azubuko, 09mc10152-DPW.

Further, Azubuko has a history of attempting to circumvent the Orders enjoining him by filing his lawsuits in other Districts, only to have them transferred to the District of Massachusetts. Those other cases involved matters that arose in the District of Massachusetts (as in this case), and asserted claims against Massachusetts defendants (also as in this case). In light of this abusive pleading practice, Senior District Judge

Edward F. Harrington imposed additional sanctions on Azubuko, and modified the Order enjoining him as follows:

> Upon receipt of any civil action filed by the Plaintiff in another District and subsequently ordered transferred to this District, the Clerk's Office is directed to open the matter as a transferred action, and immediately close the action noting on the docket that the transferred action is automatically dismissed in view of the Order Enjoining Plaintiff. Should Plaintiff seek to re-open the closed transferred action, he must file a Motion to Reopen and demonstrate good cause, under the penalties of perjury, why the action should be reopened.

Memorandum and Order (Docket No. 8 at 8, entered Nov. 11, 2007) in <u>Azubuko v. Empire Insurance Company, et al.</u>, Civil Action 07-11958-EFH (discussing Azubuko's litigation history).

Here, the Clerk's Office failed to immediately close this action as required by Judge Harrington's directives.  In light of this, the Court will not impose an additional sanction on Azubuko for wasting the judicial resources of this Court at this time. Nevertheless, the Court again <u>WARNS</u> Azubuko that further abusive pleading practices will not be tolerated.  Should Azubuko continue to file cases in other Districts that involve matters arising out of the District of Massachusetts or involve Massachusetts defendants (thus demonstrating no logical connection to any other District except Massachusetts), this Court, in addition to dismissal of any transferred action, may impose an additional monetary sanction upon Azubuko.  Moreover, Azubuko also is <u>WARNED</u> that these continued pleading practices

will be deemed to constitute contumacious conduct that could result in civil and/or criminal contempt proceedings against him.

Finally, this Court considers that the issues raised in this lawsuit do not fall outside the scope of Judge Woodlock's modified Order enjoining Azubuko, as they do not involve any serious risk of harm.  Indeed, Azubuko is attempting to raise matters occurring almost 10 years ago; matters that are clearly barred by the statute of limitations for state torts and civil rights law claims in this District.  Moreover, the claims against the unknown Assistant District Attorney are not cognizable as he/she is entitled to absolute prosecutorial immunity for bringing criminal proceedings against Azubuko and prosecuting him, notwithstanding that he alleges that the criminal charges were dismissed.

## CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that:

1. Azubuko's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>DENIED</u> as moot in view of the dismissal of this action;

2. This miscellaneous business docket action is <u>DISMISSED</u> in its entirety; the Clerk shall terminate this action as a pending matter;

3. Azubuko's claims against the Defendants named in this action are <u>DISMISSED</u> with prejudice;

4. Azubuko is again <u>WARNED</u> that he is subject to sanctions, including additional monetary sanctions and/or contempt proceedings against him, should he continue to file pleadings contrary to this Court's Orders enjoining him (as modified).  This includes the filing of lawsuits in other

      Districts which have no relation to that District, and which are filed in the other District in order to circumvent this Court's Orders enjoining him from filing pleadings in this Court.

SO ORDERED.

                                            /s/ Joseph L. Tauro
                                            UNITED STATES DISTRICT JUDGE

DATED: October 25, 2010